## NELSON v. UNITED FRUIT CO.
### No. 124, Docket 22502.

United States Court of Appeals,
Second Circuit.

Argued Dec. 8, 1952.

Decided Dec. 30, 1952.

Harry Eisenberg, New York City, for plaintiff-appellant; Robert Klonsky, New York City, of counsel and on the brief.

Burlingham, Veeder, Clark & Hupper, New York City, for defendant-appellee, Benjamin E. Haller and Eugene Underwood, New York City, counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

This was an action under the Jones Act, 46 U.S.C.A. § 688 brought against the de-

fendant by the plaintiff, a seaman, for alleged negligence in that the defendant failed to furnish him with a safe place to work, whereby he fell off a ventilator on the defendant's vessel, "S. S. Junior," and suffered a fracture of the inferior pubic ramus. Recovery was also sought on the ground that the plaintiff's injuries were aggravated by the defendant's failure to provide proper treatment. The jury rendered a verdict for $1500 in the plaintiff's favor; the trial judge set that verdict aside and directed a verdict for the defendant. The district court judge made an award to the plaintiff of $252 for maintenance and cure from which no appeal was taken, and which accordingly stands in his favor. The plaintiff appeals from the judgment dismissing his claim for negligence and directing a verdict for the defendant.

We find no proof in support of the allegation that the plaintiff was not given a safe place to work. There was an iron grating platform which the plaintiff was close to after he had come on to the ventilator and had stood up preparatory to fulfilling an order to wash the smokestacks. His own testimony shows that he did not fall until after he was erect. He had just hosed down the area and though knowing the ventilator was wet and might be slippery he took no advantage of the support available and within easy and immediate reach. We accordingly agree with the district judge that when the plaintiff had such a ready means of support, he was furnished with an entirely safe place to work and that there was no more at least than a "scintilla" of evidence of any negligence on the part of the defendant.

The plaintiff's further claim that he was not furnished adequate medical attention was also without support in the evidence. After his injury he went immediately to his bunk to rest and the proof indicates that rest was all that could have been done for him. This is the effect of the testimony of the plaintiff's own doctor on cross-examination. (Appendix to Defendant's Brief, p. 1.) The plaintiff's further claim that he should have been given a sedative to relieve his pain by the master or mate is also without merit. There was no one to administer such a sedative except a layman and it is not pointed out that he had sufficient knowledge safely to administer it. Soon after the plaintiff reached the port of New York and on September 21, the day after the accident, he was examined by a company doctor, and finally transferred to the United States Marine Hospital at Stapleton, Staten Island. They there put him to bed. On October 14 he was discharged from the hospital and later returned to his calling.

We think there has been no showing of a failure to provide a safe place to work or of neglect to care for this seaman and that the judgment for the defendant should accordingly be affirmed.